within the agreed time, and that the underlying transaction, which was with a corporation in reorganization (under Bankruptcy Act, § 77B; U. S. Code [1934 ed.], tit. 11, § 207), was not approved by the court having jurisdiction within the agreed time. The answer asserts a second defense to the effect that the services for which compensation is demanded were rendered as steps in a fraudulent conspiracy. Order granting summary judgment to defendant, and the judgment entered on the order, unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Lewis, P. J., Carswell, Adel, Sneed and Wenzel, JJ. [See *post*, p. 892.]

LOUISIANA CONSTRUCTION CORP., Appellant, v. CORTLAND BAY SHORE CORPORATION, Respondent.— Order denying plaintiff's motion to renew and/or reargue motion to punish the respondent and its president for contempt for failing to comply with a judgment of specific performance, reversed on the law, without costs, and without prejudice to appellant making another application for the same relief, if so advised. In the absence of express consent, the Justice was without power to hear the motion or to make the order. (N. Y. Const., art. VI, § 2.) The order, therefore, is a nullity. Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

WILLIAM LUTZ, Respondent, v. MARION L. VAN VALKENBURGH et al., Appellants.— Action to establish plaintiff's right to an easement over certain lands owned by defendants and for injunctive relief to protect such easement. Judgment in favor of plaintiff, entered after trial before an official referee, unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ.

RUTH K. ORT, Respondent, v. NATHAN ORT, Appellant, et al., Defendants.— In an action for rescission of the sale of the business of a copartnership, together with the transfer of its assets, including a bank account, order granting respondent's motion to strike out, as insufficient in law, appellant's second separate defense, to the effect that respondent is not the real party in interest and that the real party in interest placed his interest in the partnership in the name of respondent in order to evade his creditors, affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

EDITH PRICE, Respondent, v. PAUL HERMAN, Appellant.— Appeal by defendant from so much of an order granting plaintiff's motion for an injunction *pendente lite* which enjoins defendant " from removing the Bakery Business and Baking Business " heretofore conducted by him at 176 North Main Street, Freeport, New York, and directs him " to continue the operation of the said Bakery and Baking Business ". Order modified on the law and the facts by striking therefrom the second and third ordering paragraphs and inserting in place thereof a provision denying the motion to restrain defendant from removing the bakery business and baking business conducted by him at 176 North Main Street, Freeport, New York, and directing him to continue the said business *pendente lite*. As thus modified, the order, insofar as appealed from, is affirmed, with $10 costs and disbursements to appellant. In view of all the circumstances, and the fact that the case has been set for early trial, it was an improvident exercise of discretion to grant the temporary injunction which gives plaintiff all the relief to which she would be entitled if she ultimately prevails. Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE DE MAYO, Appellant.— Judgment of the County Court of Nassau County, convicting

defendant of the crime of conspiracy, unanimously affirmed. While the court erred in its charge as to the overt acts alleged in the indictment, no exception was taken to the said charge. The guilt of the defendant was palpable and so convincingly proved that the verdict of the jury should not be disturbed. Lewis, P. J., Johnston, Adel and Wenzel, JJ., concur; Nolan, J., concurs in the result, being of opinion that there was no error in the charge.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT FIRPO, Appellant.— Judgment of a city magistrate, holding a Court of Special Sessions of the City of New York, Borough of Queens, convicting defendant of the crime of leaving the scene of an accident without reporting (Vehicle and Traffic Law, § 70, subd. 5-a), reversed on the law and the facts, the complaint dismissed, and defendant discharged. In our opinion the proof did not establish beyond a reasonable doubt defendant's guilt of the crime charged. (*People* v. *Hakala*, 270 App. Div. 612; *People* v. *Curtis*, 217 N. Y. 304, 307; *People* v. *Shlansky*, 256 N. Y. 538.) Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDERICK A. HAMILTON, Appellant.— Judgment of the County Court of Nassau County, convicting defendant of the crime of conspiracy, unanimously affirmed. While the court erred in its charge as to the overt acts alleged in the indictment, no exception was taken to the said charge. The guilt of the defendant was palpable and so convincingly proved that the verdict of the jury should not be disturbed. Lewis, P. J., Johnston, Adel and Wenzel, JJ., concur; Nolan, J., concurs in the result, being of opinion that there was no error in the charge.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK H. NOBLE, Appellant.—Judgment of the Kings County Court, convicting appellant of the crime of assault in the second degree with intent to commit rape, unanimously affirmed. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ.

LOUIS REITER, Appellant-Respondent, v. DARLING STORES CORP., Respondent-Appellant.— Action to recover damages for breach of contract for the rendition of services by plaintiff to defendant. Cross appeals from an order granting plaintiff's motion for examination of the defendant before trial and for the discovery of certain books, records and papers. Order, insofar as appealed from, affirmed, without costs, the examination to proceed on five days' notice. No opinion. Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

325 CHURCH AVENUE CORPORATION, Appellant, v. NILOW REALTY CORPORATION, Tenant, and MICHAEL'S FAIR-MART FOOD STORES, INC., Respondent.— Order of the Appellate Term modifying and as modified affirming the final order of the Municipal Court of the City of New York, Borough of Brooklyn, in a summary proceeding to recover possession of business space, and dismissing appellant's petition as against the respondent, unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ. [See *post*, p. 854.]

## (June 23, 1948.)

In the Matter of the Application of EDWARD EVERETT for Admission to Practice as an Attorney. (From the District of Columbia.)— Application granted. Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

In the Matter of the Application of GEORGE J. HAMMERMAN for Admission to Practice as an Attorney. (From the State of Illinois.)— Application granted. Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ.